IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Derek Curtis, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Kenneth Cuccinelli, et al., )<br>    Defendants. ) | 1:12cv296 (CMH/IDD) |

MEMORANDUM OPINION

Derek Curtis, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging widespread racism in the criminal justice system in Virginia and civil rights violations centered on the confiscation of plaintiff's property. By Order dated June 19, 2012, plaintiff was advised that the complaint failed to comply with Federal Rules of Civil Procedure 10(b) and 8(a), and substantive deficiencies in the claims were discussed. Plaintiff was provided with a standard § 1983 complaint form, and he was allowed thirty (30) days within which to particularize and amend his allegations on that form, to state a claim for which relief is available. Plaintiff was cautioned that the amended complaint would serve as the sole operative complaint in the case. Plaintiff has now submitted an amended complaint consisting of the standard § 1983 form the Court supplied on which plaintiff has repeatedly written "see attached," along with an attachment consisting of a non-standard complaint which closely resembles the initial complaint. After careful review, the amended complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which § 1983 relief is available.[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,

I.

Plaintiff alleges in the amended complaint that the administration of justice in the Commonwealth of Virginia and Prince William County is compromised by a "common practice" of targeting selected African Americans, stripping them of their civil and constitutional rights, and unlawfully seizing their property and legal materials. Am. Compl., Att. at 2. According to plaintiff, the Commonwealth's Attorney designed and orchestrates this practice, and uses his public office to induce judges and "others with adjudicatory powers" to enable and advance it. Id. Moreover, defense counsel are "intimidated by the power behind the judicial operation and remain silent or collude with the Commonwealth to perfect the judicial operation denying their client[s] assistance of counsel." Id.

Plaintiff alleges that he was "victimized" by this operation when he was forced to face unspecified criminal charges and "adverse" civil proceedings without counsel or his "material evidence." Id. Specifically, plaintiff claims that the Commonwealth's Attorney in Petersburg and Chesterfield County "executed a judicial operation" against him in 2008 by deliberately withholding material evidence consisting of three (3) exhibits from a petition for writ of habeas corpus. Am. Compl., Att. at 3.[2] According to plaintiff, numerous public officials knowingly

---

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

[2]The nature of these exhibits is not explained.

2

Case 1:12-cv-00296-CMH-IDD   Document 15   Filed 02/21/13   Page 3 of 8 PageID# 58

participated in this operation, including Governor Robert McDonnell; Attorney General Kenneth Cuccinelli; Prince William County Commonwealth's Attorney Paul Ebert; County Attorneys Angela Horan and Cheryl Ann Walton; and Prince William County Police Chief Charlie Dean. Id. at 3 - 4. All of these individuals are named as defendants in the amended complaint.

    Plaintiff alleges that a second personal deprivation occurred when Captain Hurlock, the Director of Security at the Prince William County Adult Detention Center ("PWCADC"), testified under oath that on November 9, 2011, Assistant Commonwealth's Attorney Weithop instructed him to seize plaintiff's property "solely to look for evidence." Am. Compl., Att. at 4. Sgt. Whitaker of the PWCADC confirmed that Captain Hurlock instructed her to gather plaintiff's property and give it to the police. Id. According to plaintiff, this was done "solely to perfict [sic] the judicial operation" described above. Id. Detective Darling of the Prince William County Police Department received the property "for the sole purpose of looking for evidence," and she took notes concerning plaintiff's "legal strategies, theories and case law." Id. Sgt. Brewer and Officer Peacemaker knowingly engaged in the conspiracy to steal plaintiff's privileged litigation documents, took possession of the documents on June 11, 2012, and stole privileged documents which were "evidence [plaintiff] intended to use in the litigation." Id. at 4 - 5. However, they refused to provide plaintiff with an inventory list or a receipt for these documents. Id. Social worker Carolyn Oliver allegedly participated in the "judicial operation" when "released and gave jail officials and others full access to the DSS file." Id. at 5. Plaintiff alleges that Oliver used these privileged materials "to perfect the bogus allegations solely to cover up the truth," assisted prosecutor Walton in concealing material evidence before it was destroyed, and "knowingly used false allegations to sustain the civil proceedings solely to secure a protective order." Id. All of these individuals also are named as defendants in the amended

complaint. As relief, plaintiff seeks a declaration that "the judicial operation" is illegal and unconstitutional, a permanent injunction prohibiting it forever, and an award of compensatory and punitive damages in excess of ten million dollars.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III.

District courts have a duty to construe pleadings by pro se litigants liberally, however, a

4

pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. The amended complaint contains no meaningful factual allegations to indicate that Governor McDonnell, Attorney General Cuccinelli, Commonwealth's Attorney Paul Ebert, or PWCADC Superintendent Colonel Meletus personally knew of or participated in the alleged confiscation of plaintiff's property. Accordingly, those individuals are subject to dismissal for failure to state a claim pursuant to § 1915A. Moreover, to the extent that plaintiff posits the existence of a widespread "judicial operation" perpetrated through the collusion of all branches of the criminal justice system aimed at depriving African Americans of due process in the Commonwealth and Prince William County, the Court finds that plaintiff's sweeping and entirely conclusory allegations are unsupported by facts, do not suffice to meet the Iqbal standard, and fail to raise a right to relief above the speculative level. Cf. Twombly, 550 U.S. at 55. Accordingly, that claim likewise is subject to dismissal pursuant to § 1915A.

Plaintiff's contentions that his constitutional rights were violated when property was seized from him also fail to state a claim for which § 1983 relief is available. Any claim arising from the first instance plaintiff alleges - the withholding of three exhibits from a habeas corpus application in 2008 - is barred by the statute of limitations. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury

5

actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 F. App'x 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff is "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24(1979). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). Here, plaintiff states that the habeas exhibits were taken in 2008, and the instant complaint was not filed until March 1, 2012.[3] Since at that point over two years had elapsed since plaintiff's cause of action had accrued, Nasim, 64 F.3d at 955, his claim is time-barred.

As to the deprivation of plaintiff's property at the PWCADC in November, 2011, plaintiff was cautioned in the Order of June 19 that "to state a claim upon which this lawsuit can proceed, plaintiff must state with specificity what property allegedly was taken from him." Nonetheless, plaintiff in the amended complaint again fails to articulate the nature of the allegedly confiscated

---

[3] A pleading filed by an unrepresented prisoners is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). While the complaint in this case does not expressly indicate that date, plaintiff executed the complaint on March 1, 2012. In the absence of evidence to the contrary, it is assumed that it was delivered to prison authorities for mailing that same day.

property. He describes the property at various points as privileged, work product, attorney-client material, legal documents, and "personal and religious notes," but he never states forthrightly exactly what this property consisted of. Similarly, plaintiff at different points in the complaint alludes to the confiscation of his property having negative impacts in pending litigation, both civil and criminal, but he fails to explain either the nature of the harm he believes he has suffered as the result of the taking of his property or the manner in which he believes each named defendant has been responsible for the harm plaintiff asserts. Such conclusory allegations fall short of stating a claim for § 1983 relief. Cf. Twombly, 550 U.S. at 55.

Lastly, even if plaintiff's claim of unlawful property deprivation had been well pleaded, it would be foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state

employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). In addition, the availability of a post-deprivation tort cause of action in state law satisfies the requirements of due process as to a claim that prison personnel mishandled an inmate's prison account. See Hutchinson v. Prudhomme, 79 Fed. App'x 54, 2004 WL 22426661 (5th Cir. Oct. 22, 2003). Here, because plaintiff does not allege that he was denied post-deprivation procedures to redress the alleged confiscation of his property, he has not stated a constitutional claim. Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment. Therefore, plaintiff's claims that the remaining defendants violated his constitutional rights by confiscating his property fails to state a claim for which relief can be granted, and the complaint as a whole will be dismissed pursuant to § 1915A. An appropriate Order shall issue.

Entered this 19th day of February 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

8